# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  50769-2-II |
| Respondent, | |
| v. | |
| ELIZABETH GENE MCVEY, | Consolidated with |
| Appellant, | |
| STATE OF WASHINGTON, | No.  50774-9-II |
| Respondent, | |
| v. | |
| ELIZABETH GENE MCVEY, | |
| Appellant, | |
| STATE OF WASHINGTON, | No.  51171-1-II |
| Respondent, | |
| v. | |
| ELIZABETH GENE MCVEY, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, A.C.J. — Elizabeth G. McVey appeals her convictions based on guilty pleas for one

count of unlawful possession of a controlled substance and four counts of second degree identity

theft under Pierce County Cause No. 15-1-00033-2; one count of forgery under Pierce County

Cause No. 15-1-00710-8; and one count of theft of rental, leased, or leased-purchased property under Pierce County Cause No. 16-1-02407-8. McVey contends that the State breached the plea agreement by failing to request a drug offender sentencing alternative (DOSA). She also argues the sentencing court erred in imposing certain legal financial obligations (LFOs). The State responds that it did not request a DOSA because McVey first breached the parties' plea agreement by committing a subsequent crime. The State, however, concedes that an evidentiary hearing was not held on the breach issue as due process requires.

We accept the State's concession, reverse the judgment and sentence, and remand for an evidentiary hearing on whether McVey breached the plea agreement. We also direct the trial court on remand to apply recent legislative amendments to the LFO statutes, consistent with *State v. Ramirez*, 191 Wn.2d 732, 426 P.3d 714 (2018).

FACTS

The State originally charged McVey with unlawful possession of a controlled substance, unlawful use of drug paraphernalia, two counts of second degree possession of stolen property, two counts of forgery, two counts of bail jumping, and four counts of second degree identity theft under Pierce County Cause No. 15-1-00033-2; forgery, attempted second degree theft, and bail jumping under Pierce County Cause No. 15-1-00710-8; and theft of rental, leased, or leased-purchased property under Pierce County Cause No. 16-1-02407-8. McVey and the State reached a plea agreement on all three cause numbers.

Under the plea agreement, McVey agreed to plead guilty to unlawful possession of a controlled substance and four counts of second degree identity theft under Pierce County Cause No. 15-1-00033-2; forgery under Pierce County Cause No. 15-1-00710-8; and theft of rental,

leased, or leased-purchased property under Pierce County Cause No. 16-1-02407-8. The State agreed to recommend a DOSA.

McVey's guilty plea statements in each cause number provided that:

6. In Considering the Consequences of My Guilty Plea, I Understand That:

. . . .

(d) If I am convicted of any new crimes before sentencing, or if any additional criminal history is discovered, both the standard range and the prosecuting attorney's recommendation may increase. Even so, my plea of guilty to this charge is binding on me. I cannot change my mind if additional criminal history is discovered even though the standard sentencing range and the prosecuting attorney's recommendation increase.

Clerk's Papers (CP) at 40-41, 144-45, 194-95.

On October 13, 2016, the trial court accepted McVey's guilty pleas and set sentencing for December 9, 2016. The trial court released McVey pending sentencing. As a condition of release, McVey was required to either post a bond rider or report to jail within 24 hours.

McVey failed to post the bond rider or report to jail within 24 hours. McVey was eventually arrested on a warrant and taken into custody.

The sentencing hearing on McVey's guilty plea convictions took place on June 23, 2017. At that time, the State informed the sentencing court that McVey failed to post the bond rider or report to jail within 24 hours and that "another matter . . . had been filed subsequent to these counts regarding a bail jumping matter on one of these cause numbers that [McVey] had pled guilty to." Verbatim Report of Proceedings (June 23, 2017) at 57. The State argued that because McVey breached the terms of the plea agreement, the State was no longer obligated to recommend a DOSA. There was no further discussion, or evidence admitted, regarding whether McVey breached the plea agreement. The State then requested that the sentencing court sentence McVey to 24 months, the high end of a standard range sentence.

The sentencing court adopted the State's recommendation and sentenced McVey to concurrent sentences totaling 24 months of confinement. The sentencing court also sentenced McVey to 12 months of community custody. And the sentencing court imposed LFOs, including a $200 criminal filing fee on each cause number and a $100 deoxyribonucleic acid (DNA) collection fee on cause number 15-1-00033-2. The sentencing court also ordered that all LFOs "bear interest from the date of the judgment until payment in full." CP at 57, 162, 211.

McVey separately appealed the judgment and sentence under each cause number. We consolidated her appeals.

## ANALYSIS

### A. EVIDENTIARY HEARING

McVey contends the State breached the parties' plea agreement and violated her right to due process. The State counters that McVey breached the plea agreement first, but concedes that it failed to request an evidentiary hearing to give McVey the opportunity to contest the State's allegation that she breached the plea agreement. We accept the State's concession and remand the matter to the trial court for an evidentiary hearing on McVey's alleged breach.

Plea agreements affect the fundamental rights of the accused, implicating constitutional due process considerations. *State v. Sledge*, 133 Wn.2d 828, 839, 947 P.2d 1199 (1997). Once a plea has been entered, due process requires that the State abide by the agreement. *Id*. However, the State is obligated to perform the agreement only if the defendant also has complied with the terms of the agreement. *State v. Townsend*, 2 Wn. App. 2d 434, 438, 409 P.3d 1094 (2018). The State may rescind a plea agreement if the defendant breaches it. *Id.*

If the State alleges that a defendant has breached a plea agreement and seeks to rescind that agreement, due process requires that the trial court conduct an evidentiary hearing at which time

the defendant can contest the State's allegation. *Id.* at 439. The defendant must have an opportunity to call witnesses and present other evidence. *Id.* At the hearing, the State must prove a defendant's breach by a preponderance of the evidence. *Id.* at 438.

Regarding post-plea crimes, the State may not simply accuse a defendant of post-plea crimes to avoid its obligation to comply with a plea agreement. *In re Pers. Restraint of James*, 96 Wn.2d 847, 851, 640 P.2d 18 (1982). Instead, due process requires an evidentiary hearing; otherwise, a defendant who is accused of post-plea crimes but later acquitted could lose the benefit of the bargain. *Id.* at 850-51.

A defendant can waive his or her right to an evidentiary hearing, but waiver will not be presumed. *Townsend*, 2 Wn. App. 2d at 440 (citing *James*, 96 Wn.2d at 851). "Silent acquiescence is not sufficient proof of waiver, even when an individual is represented by counsel." *Id*.

In *Townsend*, the State agreed to recommend a sentence below the standard range in exchange for Townsend's guilty plea. 2 Wn. App.2d at 436-37. After Townsend pleaded guilty, he was arrested on new felony charges, and a warrant was issued based on his violation of his conditions of release. *Id.* at 437. At sentencing, the prosecutor stated that Townsend had breached the terms of the plea agreement as evidenced by the warrant issued for his arrest and asked the trial court to impose the high end of the standard range. *Id.*. The trial court agreed that Townsend breached the plea agreement. *Id.* On appeal, the court reversed Townsend's sentence, holding that "the trial court improperly relieved the prosecution of its plea agreement obligations without either holding an evidentiary hearing or obtaining a valid waiver of [Townsend's] right to a hearing." *Id*. at 439. The appellate court held that "an arrest warrant is not a substitute for the due process right to an evidentiary hearing." *Id* at 439-40. The appellate court reversed and remanded

the matter for the trial court to either conduct an evidentiary hearing or obtain a valid waiver of the defendant's right to a hearing. *Id.* at 443.

Here, like in *Townsend*, the sentencing hearing "did not bear any of the hallmarks of an evidentiary hearing. No evidence was admitted. No testimony was taken." *Id*. at 439. The State presented its case under the assumption that McVey's arrest warrant determination conclusively established McVey breached the plea agreement. This approach was incorrect under *Townsend. Id*. McVey must have the opportunity to call witnesses and present other evidence or the opportunity to waive this right. Absent a waiver, the State must prove McVey's breach by a preponderance of the evidence.

We accept the State's concession that McVey was entitled to an evidentiary hearing. Therefore, we reverse McVey's judgment and sentence and remand for an evidentiary hearing to determine whether McVey breached the plea agreement.

B.      LFOs

McVey filed a supplemental brief regarding the imposition of certain LFOs and interest in light of *Ramirez*. McVey argues that we should strike the $200 criminal filing fee under each cause number and eliminate all interest accruals on nonrestitution portions of LFOs. The State concedes that the $200 criminal filing fees and interest accrual provisions should be stricken.[1]

Recent legislation prohibits trial courts from imposing criminal filing fees or interest accrual on the nonrestitution portions of LFOs on indigent defendants. RCW 36.18.020(2)(h); RCW 10.82.090; *Ramirez*, 191 Wn.2d at 746. We direct the trial court on remand to apply recent legislative amendments to the LFO statutes, consistent with *Ramirez*.

---

[1] The State also acknowledges that McVey's DNA has previously been collected and is on file with the Washington State Patrol Crime Lab, and therefore, the $100 DNA collection fee also should be stricken from the judgment and sentence under cause number 15-1-00033-2.

We reverse the judgment and sentence and remand to the trial court to hold an evidentiary hearing on whether McVey breached the plea agreement and to apply recent legislative amendments to the LFO statutes, consistent with *Ramirez.*

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, A.C.J.

We concur:

Sutton, J.

Cox, J.P.T.

7